# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| TRAYON OMAR WASHINGTON, | : |
| Petitioner, | : |
| vs. | :     CA 17-0464-TFM-C |
| LEON BOLLING, | : |
| Respondent. | : |

## REPORT AND RECOMMENDATION

Trayon Omar Washington, a state prisoner presently in the custody of the Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. This cause is before the Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R), on Washington's petition filed on this Court's form and the answer of the Respondent, with attachments.[1] Based upon a thorough review of the 2254 Petition, (Doc. 1), Respondent's Answer (Doc. 7), the briefs and supporting materials, (See Attachments to Docs. 1 & 7), the undersigned finds an evidentiary hearing is not warranted and the 2254 Petition is due to be denied. Accordingly, it is recommended that Washington's 2254 Petition be denied in its entirety and judgment be entered in

---

[1] Although Magistrate Judge Murray sent out a show cause order on December 21, 2017, providing Petitioner with the opportunity to respond to the defenses raised by Bolling in his answer (*see* Doc. 8), Washington did not respond to the Court's order and he filed no "general" response/reply to Bolling's answer (*see* Docket Sheet).

favor of Respondent and against Petitioner. Furthermore, if Washington seeks the issuance of a certificate of appealability, his request should be denied, along with any request to appeal *in forma pauperis*.

## I.     PROCEDURAL BACKGROUND

Petitioner challenges the validity of his January 21, 2014 murder conviction in the Circuit Court of Mobile County, Alabama. On March 20, 2014, Washington was sentenced to life imprisonment on this murder conviction. The Alabama Court of Criminal Appeals affirmed Washington's conviction and sentence by unpublished memorandum opinion issued on January 30, 2015. *See Brown v. State,* (No. CR-13-0873) 207 So.3d 787 (Ala.Crim.App. 2015) (table).[2] Washington's application for rehearing was overruled on February 20, 2015, (Doc. 7-12*).*, and the Alabama Supreme Court denied his writ of certiorari on April 10, 2015 (Doc. 7-14).

Washington did not seek review in the United States Supreme Court. Accordingly, the period of limitations contained in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") began to run 90 days later, on July 10, 2015.

Washington attempted to file a state postconviction petition on May 21, 2015. (Docs. 1 at 4 & 7-16, Ex. J at 11.) along with his request to proceed *in forma pauperis* ("IFP"). On May 26, 2015, the circuit court denied Washington's request for indigent status and ordered Washington to pay the statutory filing fee. ("The In Forma Pauperis petition is denied, as the monthly deposits and average daily balance in [Defendant's] prison account reflect that [defendant] has sufficient funds to afford to pay the filing fee

---

[2]     Washington's appeal was consolidated with that of his co-defendant, Pat Maurice Brown.

2

for a Rule 32 petition. Accordingly, the Court will not consider this Rule 32 petition unless and until a filing fee is paid to the Clerk of Court. If the [Defendant] opts to pay the Rule 32 filing fee the [Defendant] is directed to notify the Court of that payment so that the Court can direct the state to file a response to the Rule 32 petition.") (*Id.*, Ex. J at 12.). Washington elected not to appeal this decision by the trial judge. (Doc. 1 at 5).

The decision by the trial judge to deny IFP status is supported by Washington's inmate deposit summary showing that since April 30, 2014 he had received $2,695.77, approximately twelve months preceding the filing of his petition, including $935 deposited during the months of January, February and March of 2015. (Doc. 7-26, Ex. T at 3). After almost one year elapsed without Washington paying the filing fee, the circuit court provided Washington an additional sixty days from May 19, 2016 in which to pay the filing fee or suffer the dismissal of his petition. (Doc. 7-16, Ex. J at 12.) When Washington failed to respond, his first petition was dismissed on August 16, 2016 (*Id.*), having never passed Alabama's jurisdictional filing requirements. *See, e.g., Ex parte McWilliams*, 812 So. 2d 318, (Ala. 2001) (holding a circuit court lacks subject-matter jurisdiction over a state postconviction petition until the petitioner is granted indigent status or pays the statutory filing fee); *Ray v. State*, 895 So. 2d 1063 (Ala. Crim. App. 2004) (same); *see also Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("an application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."); *Smith v. Comm'r, Ala. Dep't of Corrs.*, 703 F.3d 1266, 1270-71 (11th Cir. 2012) (recognizing the failure to abide by Alabama's requirement of the payment of a filing fee, or the granting

3

of indigent status, precludes consideration of a state postconviction petition as "properly filed" for AEDPA purposes).

On September 21, 2016, Washington filed a second petition for postconviction relief in the Mobile County Circuit Court (Docs. 1 at 4 & 7-16, Ex. J at 21-45.), and the circuit court denied relief on January 23, 2017 (*Id*. at 4 & 120-125) on the "basis that [Washington's] claims were insufficiently pleaded, without merit, and precluded." (Doc. 7-20 at 2). As part of his decision, the trial judge found that this second Rule 32 petition was timely filed under state procedural rules because it related back to the filing of the first petition on May 21, 2015. (Doc. 7-16 at 121, fn. 1). No evidentiary hearing was held as part of these proceedings.

Washington appealed the denial of postconviction relief to the Alabama Court of Criminal Appeals. (*Id*. at 132-133). On May 26, 2017, the Alabama Court of Criminal Appeals affirmed the trial court's denial of postconviction relief finding that his claims were either precluded or without merit … ." (Doc. 7-20, Ex. N at 4). Washington sought rehearing (Doc. 7-21, Ex. O), but the court overruled his application (Doc. 7-22, Ex. P). Thereafter, Washington sought discretionary certiorari review in the Alabama Supreme Court. (Doc. 7-23, Ex. Q.) The Alabama Supreme Court declined to hear Washington's case on August 11, 2017. (Doc. 7-24, Ex. R.) The Court of Criminal Appeals issued its certificate of judgment that same day. (Doc. 7-25, Ex. S.)

Washington placed his federal petition for writ of habeas corpus in the prison mail system on October 5, 2017. (Doc. 1 at 12.) In the petition, Washington raises the following claims for relief: (1) he was denied his Sixth and Fourteenth Amendment right to counsel during a critical state of the proceedings (during interrogation); (2) he was denied his Sixth

4

and Fourteenth Amendment right to the assistance of counsel when the trial court erroneously granted the State's motion *in limine*; and (3) his life sentence at the age of seventeen was illegal citing *Miller v. Alabama*, 132 S. Ct. 2455 (2012).

Respondent contends that Washington's petition is time-barred, subject to the defense of procedural default in part and lacks merit in part. (Doc. 7 at 3-14). In addition to the statute-of-limitations defense to the entire petition, Respondent argues that this Court is procedurally barred from reaching the merits of Washington's Fifth Amendment claim that appears to be included in his first claim. With regard to the Sixth Amendment violation asserted in his first claim, which was resolved on the merits, Respondent argues that it does not provide a basis for relief. The second claim, it is argued, is subject to a procedural default defense, precluded and obviously lacks merit. Finally, it is argued that the third claim, illegal sentence, is without merit. As to the claims or portions thereof, decided on the merits, Respondent argues that Washington cannot show that the state court's decision was contrary to established federal law as set forth by the Supreme Court or that such decision constitutes an unreasonable application of the law to the facts. (*See* Doc. 7, at 7-15.).

This cause is before the Court on the petition with attachments (*see* Doc. 1) and Respondent's answer with attachments (*see* Doc. 7).[3] As stated previously, Petitioner was extended the opportunity to respond to the Respondent's statute-of-limitations and procedural default defenses as well as an opportunity to respond to any contention that his claims were without merit (*see* Doc. 8) but filed no response to the Court's order or

---

[3] Washington's Petition is 52 pages long and he has 172 pages of attachments.

any response to the answer of Respondent Bolling (*see* Docket Sheet). A full, thorough review of the record has been completed and it is determined that it contains sufficient facts upon which the issues under consideration may be properly resolved. Therefore, no evidentiary hearing is required. *Compare Means v. Secretary, Department of Corrections,* 433 Fed.Appx. 852, 855 (11th Cir. July 12, 2011) ("[W]here 'the record refutes [a petitioner's] factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.'") (citation omitted)), *cert. denied,* 565 U.S. 1217, 132 S.Ct. 1580, 182 L.Ed.2d 198 (2012) *with Allen v. Secretary, Florida Dep't of Corrections,* 611 F.3d 740, 745 (11th Cir. 2010) ("A district court is not required to hold an evidentiary hearing if the claims 'are merely conclusory allegations unsupported by specifics,' . . . or 'if the record refutes the applicant's factual allegations or otherwise precludes habeas relief[.]'"), *cert. denied,* 563 U.S. 976, 131 S.Ct. 2898, 179 L.Ed.2d 1192 (2011).

## II.     CONCLUSIONS OF LAW

**A.     Statute of Limitations.** AEDPA was enacted on April 24, 1996 and, pertinent to this case, added a new subdivision to 28 U.S.C. § 2244 providing for a one-year period of limitations within which state prisoners must file their habeas corpus petitions pursuant to 28 U.S.C. § 2254. *Wilcox v. Florida Dep't of Corrections,* 158 F.3d 1209, 1210 (11th Cir. 1998).

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>     (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Subsections (B), (C), and (D) of § 2244(d)(1) clearly do not apply to Petitioner's case and, therefore, the timeliness of Washington's petition must be calculated under § 2244(d)(1)(A) based upon the date on which his murder conviction became final. "For prisoners whose convictions became final prior to the effective date of the AEDPA, the one-year statute of limitations instituted by the AEDPA began to run on its effective date, i.e., April 24, 1996." *Guenther v. Holt,* 173 F.3d 1328, 1331 (11th Cir. 1999) (citations omitted), *cert. denied,* 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000). This rule from *Guenther* is obviously not applicable in this case since Washington's conviction became final in 2015.

Section 2244(d)(1)(A) specifically provides that the one-year limitations period will run from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review[.]" On direct appeal, the Alabama Court

7

of Criminal Appeals affirmed Washington's conviction and sentence on January 30, 2015, *Brown v. State,* (No. CR-13-0873) 207 So.3d 787 (Ala.Crim.App. 2015) (table). Washington's application for rehearing of that decision was overruled on February 20, 2015 (Doc. 1 at 3). After the Alabama Supreme Court denied his petition for a writ of certiorari and the Alabama Court of Criminal Appeals issued a Certificate of Judgment on April 10, 2015, Washington had ninety days within which to apply for certiorari review in the United States Supreme Court. Since he did not file a cert application, his conviction became final at the conclusion of that ninety-day period, July 10, 2015. *Belser v. Warden*, 2018 WL 7135390, at *1 (11th Cir. 2018) ("A state prisoner's conviction becomes final when the United States Supreme Court denies certiorari or issues a decision on the merits, or when the 90-day period in which to file a certiorari petition expires.") (citing *Nix v. Sec'y for Dep't of Corr.*, 393 F.3d 1235, 1236-37 (11th Cir. 2004)). Washington had until July 10, 2016, absent any tolling of the limitation period, to file a timely petition for habeas corpus relief under § 2254. Washington did not file his 2254 habeas action, however, until October 5, 2017, 452 days after the one-year limitations period had expired.

The "time during which a properly filed application for State post-conviction or other collateral review … is pending shall not be counted toward [the limitations period of 28 U.S.C. § 2244(d)(1)]." 28 U.S.C. § 2244(d)(2). This statutory tolling provision is potentially triggered when convicted defendants in Alabama properly file a petition under Ala. R. Crim. P. 32. See *Guenther v. Holt* 173 F.3d 1328, 1331 (11th Cir. 1999) (relief sought under Ala. R. Crim. P. 32 qualifies as post-conviction relief for purposes of § 2244(d)(2).) When these petitions are not properly filed or are filed only after the expiration of the limitations period of 28 U.S.C. § 2244(d)(1), they do not operate to toll the running of the one-year federal

8

statute of limitations. *McCloud v. Hooks*, 560 F.3d 1223, 1227-28 (11th Cir. 2009) (citing *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)). In order for a Rule 32 petition to be properly filed, "it shall be accompanied by the filing fee prescribed by law or rule in civil cases in the circuit court unless the petitioner applies for and is given leave to prosecute the petition in forma pauperis." Ala. R. Crim. P. 32.6(a); *Smith v. Comm'r, Ala. Dep't of Corrs.,* 703 F.3d at 1270-71.

In this case, Washington attempted to file a Rule 32 petition on two different occasions. The first was filed on May 21, 2015, prior to the expiration of the § 2244(d)(1) limitations period. He did not pay a filing fee but filed an IFP application that was unsuccessful. The trial judge denied Washington IFP status because of the amount of money he had access to in his prison account. Washington was given approximately 14 months to pay the filing fee and when he failed to do so, the first petition was dismissed for lack of a filing fee on August 16, 2016. Accordingly, when his second Rule 32 petition was filed on September 21, 2016, he did not have a properly filed Rule 32 petition on file that would have tolled the running of the statute of limitations. The statute had in fact expired on July 10, 2016 because there is no evidence that the period would have been tolled. Given that Washington's federal petition was untimely filed, the only avenue by which this Court can consider the merits of petitioner's § 2254 petition is by finding that he is entitled to equitable tolling of AEDPA's one-year limitations period, or, otherwise, by finding that he has established his actual factual innocence of the crime for which he was convicted by a jury of his peers on January 21, 2014.[4]

---

[4] Washington's only response as to why his petition was not barred by the one-year statute of limitation was to refer to the trial courts action in finding that his second Rule 32 related back to
(Continued)

In *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010), the Supreme Court specifically held, for the first time, that "§ 2244(d) is subject to equitable tolling in appropriate cases[,]" *id.* at 645, 130 S.Ct. at 2560, and reiterated "that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 649, 130 S.Ct. at 2562. For its part, the Eleventh Circuit has long embraced the doctrine of equitable tolling with regard to the one-year limitations period at issue: "Equitable tolling is to be applied when '"extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition.' . . . Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling." *Diaz v. Secretary for the Dep't of Corrections*, 362 F.3d 698, 700-701 (11th Cir. 2004) (citation omitted). "Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant

---

his first Rule 32 petition and was thereby considered by the trial court. (Doc. 1 at 11). This response to his late filing, if it was intended to provide an excuse for his late filing, has two significant flaws, however. First, Alabama does not recognize the relation back doctrine in post-convictions motions for relief, particularly Rule 32 petitions. See e.g. *Ex parte Jenkins*, 972 So.2d 159, 162-163 (Ala. 2005). (Unlike federal courts that apply the relation back-doctrine of Rule 15(c), Fed.R.Civ.P., Alabama has specifically provided through its Rule 32.4, Alabama Rules of Criminal Procedure, "that Rule 32 proceedings are governed by the Rules of *Criminal* Procedure.") (*Id*. at 162) (Emphasis supplied.). Also, since Washington did not have a Rule 32 petition pending at the time of the filing of his second petition, he was unable to take advantage of the liberal amendment rights granted him by the Alabama Rules of Criminal Procedure. See *Ex parte Rhone*, 900 So.2d 455, 458 (Ala. 2004) ("it is clear that only grounds such as actual prejudice or undue delay will support a trial court's refusal to allow, or to consider, an amendment to a Rule 32 petition."). Secondly, the first petition was never properly filed because the filing fee was not paid, and the Court denied the request to proceed IFP. The statute of limitations for his §2254 petition had expired during the period of time the trial court gave him to pay a filing fee for his first petition. It is unknown as to why the fee was not paid given his apparent financial ability at the time the court denied his IFP request.

untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (citation omitted). Thus, the one-year limitations provision need not be equitably tolled unless there is evidence that "extraordinary circumstances" beyond petitioner's control made it impossible for him to file his petition on time. *See Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618-619 (3rd Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient."). The Supreme Court in *Holland* indicated that "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence[,]" *id*. at 653, 130 S.Ct. at 2565, and gave the following guidance with respect to "extraordinary circumstances":

> We have previously held that "a garden variety claim of excusable neglect," such as a simple "miscalculation" that leads a lawyer to miss a filing deadline, does not warrant equitable tolling. But the case before us does not involve, and we are not considering, a "garden variety claim" of attorney negligence. Rather, the facts of this case present far more serious instances of attorney misconduct. And, as we have said, although the circumstances of a case must be "extraordinary" before equitable tolling can be applied, we hold that such circumstances are not limited to those that satisfy the test that the Court of Appeals used in this case.
>
> The record facts that we have set forth in Part I of this opinion suggest that this case may well be an "extraordinary" instance in which petitioner's attorney's conduct constituted far more than "garden variety" or "excusable neglect." To be sure, Collins failed to file Holland's petition on time and appears to have been unaware of the date on which the limitations period expired-two facts that, alone, might suggest simple negligence. But, in these circumstances, the record facts we have

> elucidated suggest that the failure amounted to more: Here, Collins failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so. Collins apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules. Collins failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And Collins failed to communicate with his client over a period of years, despite various pleas from Holland that Collins respond to his letters.

*Id.* at 651-652, 130 S.Ct. at 2564. It is also clear that a federal court can consider the merits of an untimely § 2254 motion if the petitioner establishes that he is factually innocent of the crimes for which he was convicted. *See San Martin v. McNeil,* 633 F.3d 1257, 1268 (11th Cir.) ("The actual innocence exception is 'exceedingly narrow in scope,' and the petitioner must demonstrate that he is factually innocent rather than legally innocent."), *cert. denied,* 565 U.S. 843, 132 S.Ct. 158, 181 L.Ed.2d 73 (2011).

In this case, Petitioner has not established that the instant habeas corpus petition was timely filed nor has he established that extraordinary circumstances and due diligence counsel equitable tolling of the limitations period. *Compare Spottsville v. Terry*, 476 F.3d 1241, 1245 (11th Cir. 2007) ("'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner[.]'") *with Pugh v. Smith, supra,* 465 F.3d at 1300-01 ("Pugh bore the burden of establishing that equitable tolling was warranted."). Indeed, Petitioner neither filed a reply to the Respondent's answer nor a response to the Magistrate Judge Murray's December 21, 2017 Order instructing that he show cause why his action should not be dismissed due to his failure to comply with 28 U.S.C. § 2244(d)(1)(A). (*See* Docket Sheet.) Presumably, Petitioner has chosen to stand mute because he is "'deemed to know of the one-year statute of limitations[,]'" and

"a lack of a legal education" is not an excuse for the failure to file a timely federal habeas corpus petition. *Moore v. Frazier,* 605 Fed.Appx. 863, 868 (11th Cir. Mar. 31, 2015), *cert denied,* 136 S.Ct. 124, 193 L.Ed.2d 97 (2015); *compare id. with Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000) (recognizing that "[e]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."), *cert. denied,* 534 U.S. 863, 122 S.Ct. 145, 151 L.Ed.2d 97 (2001); *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000) (finding petitioner's *pro se* status and ignorance of the law are insufficient to support equitable tolling of the statute of limitations), *cert. denied,* 531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001); *Felder v. Johnson,* 204 F.3d 168, 171-72 (5th Cir.) (ignorance of the law and *pro se* status do not constitute "rare and exceptional" circumstances justifying equitable tolling), *cert. denied,* 531 U.S. 1035, 121 S.Ct. 622, 148 L.Ed.2d 532 (2000); *Terry v. Hurley,* 2014 WL 1660708, *2 (M.D. Ala. Mar. 10, 2014) ("[I]t is well settled that an inmate's lack of legal knowledge, the denial of access to a law library, his failure to understand legal principles and/or the inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitation period."). Accordingly, given Petitioner's failure to argue otherwise, the undersigned concludes that nothing other than Washington's own lack of due diligence is responsible for the untimeliness of the filing of the instant petition and that this is not one of those rare cases in which principles of equitable tolling can save him from AEDPA's one-year limitations period.

In addition, Petitioner makes no argument that he is entitled to have the untimeliness of his § 2254 petition excused based on his actual factual innocence of the

murder of Wendy Fisher and, therefore, it is clear that Washington cannot take advantage of the actual innocence gateway recognized in *McQuiggin v. Perkins*, 569 U.S. 383, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013) to avoid application of the one-year limitations period.[5] Thus, Washington's federal habeas corpus petition is due to be dismissed as time-barred.

   B. **Certificate of Appealability**. Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). The instant

---

[5] In *McQuiggin, supra*, the Supreme Court specifically held that "actual [factual] innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." *Id.* at 386, 133 S.Ct. at 1928. However, the Supreme Court also notably cautioned that "tenable actual-innocence gateway pleas are *rare*[.]" *Id.* (emphasis supplied). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.*, quoting *Schlup v. Delo,* 513 U.S. 298, 329, 115 S.Ct. 851, 868, 130 L.Ed.2d 808 (1995) (other citation omitted). Here, Washington at no time has interposed an actual innocence argument because he has offered no new evidence establishing his actual (factual) innocence of the murder of Wendy Fisher for which he was convicted by a jury of his peers. *See Schlup v. Delo,* 513 U.S. 298, 324, 115 S.Ct. 851, 865, 130 L.Ed.2d 808 (1995) (noting that, to be credible, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial."); *see also id.* at 327, 115 S.Ct. at 867 ("To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.").

habeas petition is being denied on procedural grounds without reaching the merits of purported constitutional claims, such that "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling[,]" *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). Inasmuch as the one-year limitations period is a viable defense in federal habeas corpus actions and Petitioner has made no attempt to establish that he is entitled to take advantage of the extraordinary remedy of equitable tolling (which the Eleventh Circuit has rarely granted, *see Diaz, supra*, 362 F.3d at 701 ("[T]his court has rejected most claims for equitable tolling.")), a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Washington should be allowed to proceed further, *Slack, supra,* 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

    Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States,* 2011 WL

15

3241817, *20 (S.D. Ala. June 28, 2011) (providing for the same procedure), *report and recommendation adopted,* 2011 WL 3241580 (S.D. Ala. July 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

### III. CONCLUSION

For the reasons articulated above, it is recommended that Trayon Washington's petition for writ of habeas corpus (Doc. 1), filed pursuant to 28 U.S.C. § 2254, be **DISMISSED/DENIED** because it is time-barred under 28 U.S.C. § 2244(d). Under these circumstances Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if

necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this the 23rd day of August, 2019.

                                                                s/William E. Cassady
                                                        **UNITED STATES MAGISTRATE JUDGE**